JOHN W. HINCHSCLIFF, BY HIS FATHER AND NEXT FRIEND,
CHARLES M. HINCHSCLIFF

*v.*

STATE OF ILLINOIS.

*Opinion filed November 30, 1912.*

1. PRACTICE—*claim by minor—how exhibited.* Where a minor seeks an award, the claim should be exhibited in the name of the minor by his guardian, if he have a guardian, and if not, then by his next friend.

2. RESPONDEAT SUPERIOR—*doctrine of not applicable to State.* The doctrine of *respondeat superior* is not applicable to the State, and the State is not responsible for the torts of its officers, employees or agents.

3. OFFICERS—*Park Commissioners are.* Park Commissioners, appointed by the Governor, by and with the advice and consent of the Senate, are officers.

Cratty Bros. and Jarvis and Chas. Knudson, for Claimant.
W. H. Stead, Attorney General, for State.

Claimant in this cause is a minor of four years of age, and asks damages, by his father and next friend, for injuries received July 14, 1907, while said claimant was walking with his parents along one of the footpaths in Humboldt Park, in the city of Chicago.

In his declaration, claimant alleges, that at the time the said claimant was walking along said footpath, in said park, one of the openings at the foot or base of one of the electric arc poles, in said park was negligently left open, exposing the electric wires which supply the electric current to the arc light above; that claimant, being of tender years and not appreciating the danger, placed his arm through said opening and came in contact with the said wires, and that he received a severe electric shock, as a result of said contact and was severely burned and permanently injured, disfiguring him for life, and incapacitating him in future years from earning a livelihood. For these injuries

so sustained, claimant brings this action against the State and seeks damages.

The principle of law is so well established in cases of this class, that it is hardly necessary to more than refer to it. In *State Bank* v. *State,* 1 Court of Claims Reports, 158, 164, this Court said:

"Public or State officers with only certain powers and duties enjoined upon them by the statutes do not come within the doctrine of *respondeat superior.* Applying this rule, the South Park Commissioners being merely appointive officers, with certain statutory powers are mere subdivisions of the government. They are mere assistants to the State in the exercise of its functions; not created at their own instance and request, but for the purpose of aiding and assisting the sovereign power of the State in carrying on the functions of the government, and they are not liable for the negligence or tortious acts of its servants."

If, then, the South Park Commissioners are not liable for the negligent acts of the servants appointed by them, there could be no liability devolving upon the State, which appoints these commissioners.

It is further a well established rule in this and all other courts, that the State is not liable for the negligence, torts, misfeasances or omissions of duty of its officers, agents or servants, for it does not guarantee the fidelity of the agents or officers it employs to carry on its governmental functions.

In view of these holdings, there can be no liability on the part of the State in the cause at bar and the claim is therefore rejected.